**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Farrell, | No. CV-26-02763-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Book Writing Maestros, et al., | |
| Defendants. | |

Plaintiff Patrick Farrell filed his original complaint on April 22, 2026. That complaint named two defendants: Book Writing Maestros and Jason Edwards. (Doc. 1.) On July 6, 2026, Farell filed a one-paragraph motion to amend his complaint. (Doc. 10.) The court denied that motion by explaining Local Rule 15.1 requires any motion to amend be accompanied by the proposed amended complaint and a document indicating how the proposed amended complaint differs from the original complaint. (Doc. 11.)

On July 17, 2026, Farrell filed a document titled "Motion to Amend Complaint with Amended Complaint Attached, Notice of Failed Service By Mail and Server." (Doc. 12 at 1.) The court concluded that document was "an attempt to combine a motion to amend, a proposed amended complaint, and proof of failed service." (Doc. 13 at 1.) Despite the court's earlier order, "Farrell once again failed to file a document identifying how his amended complaint differ[ed] from his original complaint." (Doc. 13 at 1.) The court warned Farrell that litigants who are proceeding without counsel are required to follow the same rules of procedure as all other litigants. Those procedures require a motion to amend

consist of three separate documents: "1) a motion explaining why amendment is appropriate; 2) the proposed amended complaint; 3) a document identifying how the proposed amended complaint differs from the original complaint, sometimes known as a redline version." (Doc. 13 at 1-2.) A redline shows every change made to a document: new allegations should be underlined, and deleted allegations should appear with a line through them (*i.e.*, "strikethrough" on a word processor). Farrell's second motion to amend did not comply with those procedures so it was denied. The court also warned Farrell the deadline for service of process was 90 days after filing the original complaint and that deadline was expiring soon.

On July 27, 2026, Farrell filed his third motion to amend his complaint. That motion explains the "proposed complaint has necessary bank charges to reflect complaint," apparently referring to allegations in the proposed amended complaint regarding the financial transactions between Farrell and defendants.  (Doc. 14 at 1.) The motion included a document tiled "New Averments for Proposed Amended Complaint" that seems to be a summary of the changes Farrell wishes to make to his complaint. (Doc. 14-1 at 1.) Farrell lodged a proposed amended complaint that retains the original two defendants but adds six individuals and one entity as additional defendants. (Doc. 15 at 1.) Yet again, Farrell did not include a document identifying how his proposed new complaint differs from his original.

Finally, Farrell filed an "Affidavit and Notice Proof of Service and Request for Extension of More Time to Include Updated Summons." (Doc. 17.) While unclear, that documents appears to seek additional time to serve all defendants with the amended complaint and summons.

Farrell's third motion to amend is the third time he has failed to include a document comparing his proposed amended complaint to his original complaint that identifies how the two documents differ. Farrell's filings do not explain his refusal to comply with this requirement and the third motion to amend is denied. Farrell is given a final opportunity to comply with Local Rule 15.1. This case may be dismissed based on Farrell's failure to

comply with court orders.

This complaint has been pending since April 2025, but Farrell has not yet served any defendant. Farrell's repeated attempts to amend his complaint establish he does not wish to proceed on the original complaint, so he is given a short period to file a motion to amend. That motion must comply with all procedural requirements. If the motion to amend is granted, Farrell will then be given a short period to complete service of process on all defendants. If Farrell does not complete service of process within the time given, his case will be dismissed for lack of service.

Finally, the proposed amended complaint Farrell attached to his third motion to amend invokes diversity jurisdiction. That requires Farrell identify the citizenship of each defendant. For individual defendants, Farrell must identify each individual's state of citizenship. For corporations, Farrell must identify the company's state of incorporation and its principal place of business. For limited liability companies or partnerships, Farrell must identify the citizenship of each of the members or partners. Farrell's proposed amended complaint does not contain any allegations regarding citizenship. If Farrell attempts to amend again, his proposed amended complaint must include allegations identifying the citizenship of each defendant. This case may be dismissed for lack of jurisdiction if Farrell fails to include such allegations.

**IT IS ORDERED** the Motion to Amend (Doc. 14) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **August 11, 2026**, plaintiff shall file a motion to amend that includes the 1) the motion; 2) the proposed amended complaint; 3) a document identifying how the proposed amended complaint differs from the original complaint.

/

/

/

/

/

- 3 -

**IT IS FURTHER ORDERED** the Motion for Extension (Doc. 17) is **GRANTED IN PART**. If the court permits the filing of the amended complaint, plaintiff shall complete service of process within one week of the court order allowing the amendment.

Dated this 4th day of August, 2026.

Honorable Krissa M. Lanham
United States District Judge